Michael Wussow,

        Plaintiff,

v.                                    **ORDER**

Andor Technology,

        Defendant.

> Christopher D. Jozwiak, Esq., Matthew S. Nolan, Esq. and Baillon, Thome, Jozwiak & Wanta, 222 South Ninth Street, Suite 2295, Minneapolis, MN 55402, counsel for plaintiff.
>
> Bradley J. Lindeman, Esq., Meagher & Geer, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402 and Gabriel J. Jiran, Esq. and Shipman & Goodwin, One Constitution Plaza, Hartford, CT 06103, counsel for defendant.

This matter is before the court upon the motion by defendant Andor Technology to dismiss counts I, III and IV of the complaint. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion in part.

## BACKGROUND

This employment dispute arises out of the termination of plaintiff Michael Wussow by Andor Technology.[1] In March 2000, Andor Technology hired Wussow as a sales representative. Compl. ¶ 7. In 2008, Wussow was promoted to Vice President of Sales and

---

[1] Wussow actually worked for Bitplane Inc., a wholly-owned subsidiary of Andor Technology. Compl. ¶ 7.

General Manager.  Id. ¶ 9.  During each year of Wussow's employment, the parties executed a new employment and confidentiality agreement (the Agreement) that outlined salaries, benefits, bonuses and sales goals.  Id. ¶ 11.

The Agreement contained an earnings before interest, taxes, depreciation and amortization (EBITDA) bonus.  Andor Technology calculated EBITDA in the same way from 2008 to 2009, but changed its methodology in 2010.  Id. ¶¶ 11-12, 14.  Wussow did not receive an EBITDA bonus in 2010 and claims that he would have under the previous methodology.  Id. ¶ 13.  Wussow met with Chris Calling, President of Andor Technology, on February 17, 2011, to discuss why he believed that an EBITDA bonus was owed, but no resolution was reached.  Id. ¶ 14.

Wussow also alleges that in late February 2011, he emailed Calling and Lynette Maffei, a human-resources employee, and explained his belief that Andor Technology was discriminating against a pregnant employee, Christine Brink.  Id. ¶ 17.  Wussow believed that Andor Technology was planning to change its commission structure in such a fashion that Brink would be affected, but employees on leave for non-pregnancy related reasons would remain unaffected.  Id. ¶¶ 18-19.  Several days later, on March 10, 2011, Andor Technology terminated Wussow.  On March 8, 2012, Wussow filed the instant action, alleging retaliation in violation of the Minnesota Human Rights Act (Count I), breach of

contract (Count II), promissory estoppel (Count III), unjust enrichment (Count IV) and failure to pay wages or commissions pursuant to Minnesota Statutes § 181.13 (Count V). Andor Technology moves to dismiss the MHRA, promissory estoppel and unjust enrichment claims.

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P.

12(d).  The court may consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).

## I.   Minnesota Human Rights Act

Andor Technology first argues that Wussow's claim under the Minnesota Human Rights Act (MHRA) is barred by the applicable statute of limitations.  In the present action, federal jurisdiction is based on diversity of citizenship, and thus "Minnesota's substantive law, including its statute of limitation, applies."  Larsen v. Mayo Med. Ctr., 218 F.3d 863, 866 (8th Cir. 2000) (citations omitted).  MHRA claims must be brought within one year after the cause of action arises.  See Minn. Stat. § 363A.28, subdiv. 3.  At the latest, the statute of limitations began to run on March 10, 2011, when Wussow was terminated.  Compl. ¶ 20.  As such, the court must determine whether the this action was commenced within one year of March 10, 2011.

Wussow argues that he timely commenced this action by filing a complaint with the court on March 8, 2012.  See Fed. R. Civ. P. 3.  Andor Technology responds that Minnesota law applies, and that the action was not timely commenced.  The court agrees.  In the present action, "state commencement rules apply because they are part and parcel of the statute of limitations."  Larsen, 218 F.3d

4

at 867 (citation and internal quotation marks omitted). Under the Minnesota Rules of Civil Procedure, a civil action is commenced, among others ways, when "the summons is served" upon the defendant.[2] Minn. R. Civ. P. 3.01. And although Minnesota law controls the commencement of a lawsuit, service of process is a procedural inquiry, and is governed by federal law. See Hajjiri v. First Minn. Sav. Bank, F.S.B., 25 F.3d 677, 678 (8th Cir. 1994). Where, as here, the plaintiff provides notice of the action and requests that the defendant waive service, the "rules apply as if a summons and complaint had been served at the time of filing" the waiver of service with the court. Fed. R. Civ. P. 4(d)(4). Wussow did not file the signed waiver of service until March 25, 2012, and thus his claim is time-barred by the one-year statute of limitations.

Wussow next argues that if his MHRA claim is time-barred, then the court should apply equitable tolling, equitable estoppel or Minnesota Statutes § 363A.28. As an initial matter, the court notes that no facts sufficient to support these arguments are contained within the complaint and that this alone precludes application of these equitable principles. See Varner v. Peterson

---

[2] Under Minnesota law, an action may also commence "at the date of acknowledgment of service if service is made by mail." Minn. R. Civ. P. 3.01(b). But "[t]he only way mail service can be acknowledged ... is by return of the enclosed acknowledgment form." Hajjiri v. First Minn. Sav. Bank, F.S.B., 25 F.3d 677, 678 (8th Cir. 1994) (citations omitted). At the earliest, Andor Technology acknowledged service on March 20, 2012. See ECF No. 11.

<u>Farms</u>, 371 F.3d 1011, 1016 (8th Cir. 2004) (noting that dismissal is appropriate when complaint contains no facts to toll statute of limitations). But even if the court were to consider facts outside of the complaint, dismissal is still warranted.

**A.   Equitable Tolling**

In determining whether to apply equitable tolling, the court will examine whether (1) circumstances beyond the plaintiff's control prevented him from filing the action and (2) if tolling will prejudice the defendant. See <u>Ochs v. Streater, Inc.</u>, 568 N.W.2d 858, 860 (Minn. Ct. App. 1997). "[I]nnocent inadvertence," however, does not justify equitable tolling. <u>Jones v. Consol. Freightways Corp.</u>, 364 N.W.2d 426, 429 (Minn. Ct. App. 1985); <u>see</u> <u>Dring v. McDonnell Douglas Corp.</u>, 58 F.3d 1323, 1330 (8th Cir. 1995) (noting need for "exceptional circumstances"). The burden is on the plaintiff to demonstrate that equitable tolling is proper. See <u>Bartlett v. Miller & Schroeder Muns., Inc.</u>, 355 N.W.2d 435, 441 (Minn. Ct. App. 1984) (citation omitted).

Wussow claims that equitable tolling applies because, despite initially believing that the Federal Rules of Civil Procedure applied, he diligently pursued the instant action.[3] Prior to the action being filed, the parties engaged in informal settlement negotiations. Nolan Decl. ¶¶ 12-15. Wussow's counsel, Matthew

---

[3] Despite this claim, Wussow still appears to argue that the Federal Rules of Civil Procedure apply. <u>See</u> Pl.'s Mem. Opp'n 12.

Nolan, explains that by February 13, 2012, the settlement discussions had "reached an impasse," whereupon he alleges that the parties agreed to commence litigation in federal court.[4] Id. ¶ 16. Thereafter, Wussow drafted the complaint and filed suit in federal court on March 8, 2012. Id. ¶¶ 17-20. Given that on February 13, 2012, Wussow determined that litigation was necessary, but did not file the complaint for nearly a month, the court cannot conclude that he diligently pursued the action.

Moreover, Wussow's mistaken understanding that the Federal Rules of Civil Procedure applied does not provide grounds for equitable tolling. A mistaken belief as to what "the statute means ... is not a basis for tolling the statute of limitations." Ochs, 568 N.W.2d at 860. In sum, plaintiff neither alleges nor points to any facts indicating that an outside factor prevented a timely filing. As a result, equitable tolling would not preclude dismissal of Wussow's MHRA claim.

### B. Equitable Estoppel

"A party seeking to invoke the doctrine of equitable estoppel has the burden of proving three elements: (1) that promises or inducements were made; (2) that it reasonably relied upon the promises; and, (3) that it will be harmed if estoppel is not applied." Hydra-Mac, Inc. v. Onan Corp., 450 N.W.2d 913, 919

---

[4] Andor Technology denies this allegation. Def.'s Reply Mem. 3 n.2. For purposes of this motion, the court construes the facts in a light most favorable to Wussow.

(Minn. 1990) (citation omitted). "Promises intended to induce a party to refrain from taking action may estop a defendant from asserting a statute of limitations defense." Singelman v. St. Francis Med. Ctr., 777 N.W.2d 540, 543 (Minn. Ct. App. 2010) (citation omitted). Equitable estoppel is inapplicable, however, when a plaintiff "has failed to exercise due diligence in filing its action after the grounds giving rise to the claimed estoppel have ceased to exist." Hydra-Mac, 450 N.W.2d at 919 (citation omitted).

Wussow claims that equitable estoppel should apply because he detrimentally relied on representations made by Andor Technology. Specifically, Wussow explains that he relied on Andor Technology's agreement to accept service and to have the action commenced in federal court. Wussow, however, neither alleges nor provides any facts demonstrating that a representation by Andor Technology caused him to commence this action in an untimely fashion. Specifically, Wussow does not allege that Andor Technology agreed to untimely commencement or that it would waive a statute-of-limitations defense. As a result, equitable estoppel would not preclude dismissal of Wussow's MHRA claim.

### C.    Minnesota Statutes § 363A.28

The statute of limitations for MHRA claims is "suspended during the time a potential charging party and respondent are voluntarily engaged in a dispute resolution process." Minn. Stat.

§ 363A.28, subdiv. 3. Examples of dispute resolution include "arbitration, conciliation, mediation or grievance procedures pursuant to a collective bargaining agreement or statutory, charter, ordinance provisions for a civil service or other employment system or a school board sexual harassment or sexual violence policy." Id.

Wussow claims that prior to commencing litigation, the parties engaged in, at a minimum, twenty-seven days of settlement negotiations that qualify as dispute resolution under § 363A.28. In support, Wussow notes that the American with Disabilities Act (ADA) includes "settlement negotiations" as an example of "alternative means of dispute resolution." 42 U.S.C. § 12212. This, however, is not a definitional statute; rather it is an explanation that the ADA encourages all forms of alternative dispute resolution. Even construing the ADA language in a light most favorable to Wussow, there is no indication that the drafters of the MHRA borrowed this language when writing § 363A.28. Moreover, the examples included in § 363A.28 all necessarily require the presence of a third-party neutral, and do not contemplate informal negotiations between future litigants. As a result, application of § 363A.28 would not preclude dismissal of Wussow's MHRA claim. Therefore, even if the court were to consider facts outside of the complaint, dismissal would be warranted.

## II. Promissory Estoppel and Unjust Enrichment

Andor Technology next argues that the court should dismiss Wussow's promissory estoppel and unjust enrichment claims. In support, Andor Technology cites Krutchen v. Zayo Bandwidth Northeast, LLC, No. 08-4737, 2010 WL 760442 (D. Minn. Mar. 1, 2010), for the proposition that claims in equity "may not proceed where a legally enforceable contract was formed." Id. at *10 (citation omitted) (analyzing claim for promissory estoppel); see also U.S. Fire Ins. Co. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1981) (dismissing unjust enrichment claim where valid contract formed).

Andor Technology, however, does not admit that a valid contract formed. Instead, Andor Technology argues that Wussow alleged the existence of a valid contract in the complaint and that, for purposes of this motion, this fact should be taken as true. Andor Technology's interpretation, however, would eliminate a plaintiff's ability to plead in the alternative. See Fed. R. Civ. P. 8(d)(2) (providing for alternative pleading). Moreover, if discovery were to show that the contract was invalid, Wussow would be left without an equitable remedy. As in Krutchen, defendant's motion is best addressed upon a motion for summary judgement, once the existence of the Agreement has been established. Therefore, dismissal of Wussow's promissory estoppel and unjust enrichment claims is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motion to dismiss [ECF No. 4] is granted in part;

2.    The motion is granted as to plaintiff's Minnesota Human Rights Act claim; and

3.    The motion is denied as to plaintiff's promissory estoppel and unjust enrichment claims.

Dated:   October 22, 2012

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court