UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-614(DSD/TNL)

Michael Wussow,

        Plaintiff,

v.                                          **ORDER**

Andor Technology,

        Defendant.


      Celeste E. Culberth, Esq., Leslie L. Lienemann, Esq. and Culberth & Lienemann, 444 Cedar Street, Suite 1050, St. Paul, MN 55101, counsel for plaintiff.

      Bradley J. Lindeman, Esq. and Meagher & Geer, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402 and Gabriel J. Jiran, Esq. and Shipman & Goodwin, One Constitution Plaza, Hartford, CT 06103, counsel for defendant.


This matter is before the court upon the objection by plaintiff Michael Wussow to the March 27, 2013, order of Magistrate Judge Tony N. Leung. After a de novo review of the order, and based on the file, record and proceedings herein, the court overrules the objection.


**BACKGROUND**

This employment dispute arises out of the termination of Wussow by defendant Andor Technology (Andor). The background of this matter is fully set forth in the magistrate judge's order, and the court summarizes only those facts relevant to resolving the

present objection.  On March 8, 2012, Wussow filed suit, alleging a violation of the Minnesota Human Rights Act (MHRA), breach of contract, promissory estoppel, unjust enrichment and failure to pay wages or commissions pursuant to Minnesota Statues § 181.13.  On October 22, 2012, the court dismissed Wussow's MHRA claim on statute-of-limitations grounds.

On February 20, 2013, Wussow moved to amend his complaint to allege Minnesota Whistleblower Act (MWA) and unlawful discharge claims.  On March 27, 2013, the magistrate judge determined that amendment was futile, and denied the motion.  Wussow objects.

## DISCUSSION

A district court ordinarily reviews a magistrate judge's denial of a motion to amend under a clearly erroneous or contrary to law standard.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  A motion to amend that is denied as futile, however, is subject to a de novo review.  See U.S. ex rel. Joshi v. St. Luke's Hosp. Inc., 441 F.3d 552, 555-56 (8th Cir. 2006).

As the magistrate judge correctly notes, the court shall provide leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend, however, is not an absolute right and "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the non-moving party, or futility of the amendment may be grounds to deny [the] motion." Doe v. Cassel, 403 F.3d 986, 991 (8th Cir. 2005) (citation and internal quotation marks omitted). Amendment is futile when the proposed claim cannot withstand a motion to dismiss. In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007).

## I.    MWA

Wussow seeks leave to add a claim under the MWA. Specifically, Wussow alleges that he was terminated in retaliation for reporting pay discrimination based on pregnancy. In response, Andor argues that the exclusivity provision of the MHRA bars Wussow's MWA claim.

The MHRA contains an exclusivity provision, stating that "the procedure herein provided shall, while pending, be exclusive." Minn. Stat. § 363A.04. In other words, an employee may not "simultaneously maintain" claims for a violation of both the MHRA and MWA when the "allegedly discriminatory practice ... [is] predicated on identical factual statements and alleg[es] the same injury or damages." Williams v. St. Paul Ramsey Med. Ctr., Inc., 551 N.W.2d 483, 485 (Minn. 1996); see Abraham v. Cnty. of Hennepin, 639 N.W.2d 342, 347 (Minn. 2002) (analyzing Williams and concluding "that an employee may not seek redress for the same allegedly

discriminatory practices on the same facts under both the MHRA and the [MWA], because the MHRA expressly provides that its procedure, while pending, shall be exclusive" (citation omitted)).

Wussow argues that Wirig v. Kinney Shoe Corp., 461 N.W.2d 374 (Minn. 1990), which permitted a common law battery claim while an MHRA claim was pending, provides an exception to this rule. See id. at 378-79. Wirig is inapposite, however, as its exception to MHRA exclusivity applies only when the non-MHRA claim "require[s] different elements of proof and address[es] different injuries." Williams, 551 N.W.2d at 485 (discussing Wirig). Here, Wussow bases his MWA claim on the same facts that gave rise to his MHRA claim, and alleges no new injuries. See Mot. Amend Compl. Ex. B (redlined version of amended complaint). Moreover, the MHRA and MWA require the same elements of proof. Compare Bahr v. Capella Univ., 788 N.W.2d 76, 81 (Minn. 2010) ("Under the MHRA, to establish a prima facie case for a reprisal claim, a plaintiff ... must establish the following elements: (1) statutorily-protected conduct by the employee; (2) adverse employment action by the employer; and (3) a causal connection between the two." (citation and internal quotation marks omitted)), with Coursolle v. EMC Ins. Grp, Inc., 794 N.W.2d 652, 657 (Minn. Ct. App. 2011) ("To establish liability under the [MWA], an employee must prove three elements: [1] statutorily protected conduct by the employee, [2] an adverse

4

employment action by the employer, and [3] a causal connection between the two." (alterations in original) (citations and internal quotation marks omitted)).  As a result, Wiriq is unpersuasive.

In an attempt to distinguish Williams, Wussow next argues that his MHRA claim is no longer pending, thereby rendering the MHRA-exclusivity provision inapplicable.  The court disagrees and notes that "a final decision ... is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Maristuen v. Nat'l States Ins. Co., 57 F.3d 673, 676 (8th Cir. 1995) (citation and internal quotation marks omitted). As a result, the MHRA claim is still pending, and amendment would infringe the MHRA's exclusivity provision.[1]  Therefore, amendment is futile, and the objection is overruled.

## II.  Unlawful Discharge

Wussow next seeks leave to assert a claim for wrongful discharge.  Specifically, Wussow argues that his discharge was in violation of the public-policy mandate expressed in both federal and state law.  See 42 U.S.C. § 2000e(k) (Civil Rights Act); Minn.

---

[1] Such a conclusion is logical given that the dismissal of the MHRA claim is subject to appellate review upon the entry of judgment.  If this court were to allow Wussow to add a claim under the MWA, and the Eighth Circuit was to reinstate the MHRA claim, an anomalous result would be reached, whereby both an MHRA and MWA claim would be under consideration.  Moreover, though the court is convinced that Wussow is not attempting to do so, allowing amendment would permit litigants to repackage an MHRA claim as an MWA claim and relitigate an argument that was previously dismissed on the merits.

Stat. § 181.67, subdiv. 1 (Equal Pay for Equal Work Law). In response, Andor argues that amendment is futile, as Wussow cannot demonstrate that he was discharged for refusing to participate in an activity that violated a federal or state law.[2]

The tort of wrongful discharge allows an "employee to bring an action ... if that employee is discharged for 'refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law.'" Nelson v. Productive Alternatives, Inc., 696 N.W.2d 841, 846 (Minn. 2005) (quoting Phipps v. Clark Oil & Refining Corp., 408 N.W.2d 569, 571 (Minn. 1987)). This common-law cause of action, however, "is limited to a *refusal to participate* in an activity that violates a law or promulgated regulation or rule." Id. (emphasis added).

Here, Wussow does not allege that his termination was the result of refusing to participate in an unlawful activity. Instead, the wrongful discharge claim is based on his report of

---

[2] Andor concedes that the exclusivity provision of the MHRA does not bar a claim for wrongful discharge. See Tr. 20:21-21:9.

suspected employment discrimination. As a result, Wussow has not stated a claim for wrongful discharge.[3] Therefore, amendment is futile, and the objection is overruled.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection [ECF No. 34] to the magistrate judge's order is overruled; and

2. The magistrate judge's order [ECF No. 31] is adopted in its entirety.

Dated: May 20, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[3] The Minnesota Court of Appeals recently declined "to recognize a cause of action for wrongful discharge in violation of public policy beyond the situation in which an employee is fired for refusing to violate the law." Dukowitz v. Hannon Security Servs., 815 N.W.2d 848, 852 (Minn. Ct. App. 2012) (citation omitted), review granted No. A11-1481 (Minn. argued Mar. 4, 2013). Although the Minnesota Supreme Court granted review in Dukowitz, this court is tasked with interpreting the current state of the law, not what the law could become.